### WHITMORE v MEENACH et

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1586.   Decided June 19, 1940.

Sheridan & Jenkins, Dayton, and L. H. Mattern, Dayton, for appellant.

Carroll Sprigg, Dayton, and John P. Naas, Dayton, for appellees.

## OPINION

By HORNBECK, PJ.

This is an appeal on questions of law and fact from a judgment of the Common Pleas Court in favor of defendants.

The suit was to cancel a 99 year lease between the plaintiff and certain defendants. From the pleadings and the record it appears that plaintiff is the owner of a fee simple title to the premises described in the petition, known as 29 South Wilkinson Street in the City of Dayton, Ohio. On May 12, 1926, Thomas P. Whitmore, deceased, father of plaintiff, leased the described premises to Harry J. Meenach for a term of 99 years, renewable forever. In February, 1933, Thomas P. Whitmore assigned all his right, title and interest in the aforesaid lease to plaintiff and he is now the owner of the same. In December, 1930, defendant, Meenach, assigned all his right, title and interest in the lease to defendant corporation, Meenach Auto Storage Company, said company assuming and obligating itself to perform all of the obligations of the assignor and defendant, Meenach, as an express condition to the assignment, agreed to remain liable for the payment of rent and performance

of all the conditions and covenants to which the lessee was bound. We refer generally hereafter to the plaintiff as the lessor and to the original lessee and his assignee as the lessee or lessees

On three occasions the original lease was modified, April 18, 1929, August 5, 1933 and December 4, 1934. Upon each and all of these occassions the lessee was in default for payment of taxes, assessments and rent and the modifications were made by way of composition of the defaults of the lessee. Upon each modification the lessee agreed to pay arrearage in rent and delinquency in taxes.

In the first modification the annual rentals were reduced from $2500.00 to $2000.00, the option purchase price reduced from $40,000.00 to $35,000.00. In the second modification the rentals were reduced from $2000.00 to $1200.00 per annum and in the third modification the rentals were reduced from $1200.00 to $1020.00 per annum and option purchase price from $35,000.00 to $12,500.00 if exercised on or before November 2, 1939.

At the time of the institution of the suit there was an arrearage in general taxes and conservancy taxes in the sum of $1035.30. Delinquencies in both general taxes and conservancy taxes occurred after the last modification of the lease. It is specifically averred that,

"Defendants' failure to pay taxes and assessments has been deliberate and intentional and a part of the scheme on the part of the defendant, Harry J. Meenach and the Meenach Auto Storage Company and practiced upon this plaintiff's father, now deceased, and also upon this plaintiff, to force the reduction of the annual rentals due and payable under said lease and especially to reduce the option given lessee to purchase said premises from $40,000.00 to the present figure of $12,500.00."

It is also averred that defendants' failure to pay taxes and assessments is in direct violation of the specific covenants of the lease. Performance is averred on the part of the lessor, the plaintiff, and demand for performance upon defendants, Meenach and Meenach Auto Storage Company alleged.

The answer of Meenach and the Storage Company admits the execution of the lease, the assignments thereof and the modifications therein as averred and generally denies the other averments of the petition. By way of cross-petition defendants aver that the service of summons upon the defendants in the original action was the first notice that they had received from the plaintiffs of a purpose to forfeit and cancel the lease. They allege that all tax assessments against the premises have been fully paid and satisfied and that they stand ready to pay all rents, taxes and assessments which may hereafter become due; that the June installment of rent had by defendants been sent to plaintiff according to custom but that it was returned. Tender of the June installment of the rent is made.

It is further averred that defendants have made improvements upon the premises during their tenancy in an amount aggregating $20,000.00 which would be a complete loss if plaintiff is permitted to cancel the lease and evict the defendants. Defendants pray for injunction against plaintiff's cancelling or forfeiting the lease.

We find no reply in the transcript of docket and journal entries, although it is mentioned in the finding and judgment entries.

The testimony in this court consists of a transcript of the record made in the Common Pleas Court, together with original testimony of several witnesses on behalf of the appellant and the appellees.

The appeal being on questions of law and fact, it is our obligation to determine the issues de novo.

There is, of course, no dispute on the record testimony. The issues arise upon the inferences largely growing out of the facts and circumstances incident to this evidence.

The plaintiff's case is based upon two claims,

(1) A breach of the covenant to pay taxes and assessments upon the demised premises.

(2) A plan conceived and executed by defendants throughout the tenure of the lease in failure to pay rentals as due and in permitting delinquent taxes to accumulate, thereby compelling the lessee to reduce his rental income and depreciate the purchase option on the premises;

that this default and the execution of the aforesaid plan were wilful, persistent and grossly negligent.

Taking these matters up conversely. We cannot support the second of the aforesaid claims because ▮▮▮▮▮ prior to each of the first two modifications of the lease the lessee offered to pay taxes, assessments and rent in full and to restore the property with all of its improvements to the lessor if he would cancel the lease and relieve the lessee from further obligations thereunder. In our judgment this fact is a complete answer to the proposition that the conduct of the lessees was purposed to beat down the rental value and purchase price of the demised property. By the offer of the lessee, if there was anything of value in the lease over and above the rents to be received and the payment of the taxes, the lessor had full opportunity to avail himself thereof. Inasmuch as he did not elect to do so, it must be preseumed that the modification made by the parties, dealing at arms length, represented a fair adjustment of the respective values carried into the lease at the time.

It appears that in May, 1937, after considerable pressure had been applied upon the lessee, it made arrangements to settle all delinquent taxes and assessments due and owing by entering into a contract with the Treasurer of Montgomery County under the Thomas-Zoul Act, paid one-tenth of the taxes due and agreed to pay the balance in annual installments of one-tenth each. This act required an undertaking to be given to the satisfaction of the State of Ohio, assuring compliance by the tax debtor with the obligation to pay the delinquent taxes at the times provided in the contract. The defendant, Meenach Company was at the time of the institution of the suit complying with the provisions of this contract. It was upon this agreement, together with the tender of the payment due in June, 1939, that the defendants based the averment in their answer that they were not in default on the provision in the lease requiring payment of taxes. Notwithstanding this claim asserted in the answer, defendants, soon after the institution of this suit, tendered to the plaintiff all rentals falling due under the terms of the lease as effective of that date and paid in full all taxes and assessments then due and payable.

We are in agreement that there was a default in the lease as ▮▮▮▮▮ of the date of the institution of the suit, notwithstanding the action taken by defendants to pay the delinquent taxes and assessments under the Thomas-Zoul Act. But it is also true that the defendants have taken all steps necessary to prevent any money loss whatever to the plaintiff by virtue of their default of a covenant of the lease.

The plaintiff undertakes, as is his obligation, to show that defendants, though able, in wilful disregard of their obligations, failed and refused to pay rentals and delinquent taxes. 'To do this they offer testimony tending to establish that during the period of these delinquencies defendant Meenach had assets upon which he could have borrowed sufficient money to liquidate lessees' indebtedness to the plaintiff in a timely manner. In one view of the record the burden on this issue is met.

On the other hand, it is obvious from the whole record that at most times during the life of the lease as originally made and as modified, the defendant Meenach was in distressed financial circumstances. It is not necessary to elaborate upon the details of the emergencies with which he was confronted and the extreme measures that he was required to take to carry on the business of the defendant company. Suffice to say that this lease

was carried through the most troublesome financial period that this nation has known and the full force and effect of this depression was experienced by defendant. Many ventures which he had undertaken went on the rocks. Notwithstanding, he carried on, composed his differences with the lessor and evinced a purpose to observe the terms of the lease. True, the defendants were dilatory and no doubt their delays were exasperating and the lessor had much cause for complaint. However, it clearly appears that for a considerable period subsequent to the arrangement of the lessee to pay the taxes in the manner heretofore stated the lessor acquiesced in this arrangement. Later he insisted upon a strict observance of the terms of the lease as to the payment of the taxes. The presumption must be indulged that the bond given to secure the payment of delinquent taxes and assessments was sufficient to assure such payment. So that, although there was not a strict compliance with the terms of the contract the lessor did not stand to suffer the payment of these delinquencies.

The action of the plaintiff in acquiescing for a considerable period of time in the arrangement by which the defendants agreed to pay the delinquent taxes under the Thomas-Zoul Act is not affirmatively pled as a defense to plaintiff's cause of action and it is, therefore. urged that it does not constitute a defense. It is true that it is not a complete defense as a waiver but it does have probative effect as it may relate to or weaken the effect of plaintiff's evidence tending to show wilful negligence and persistent refusal to pay the taxes in the manner required by the lease.

We will not and it would serve no good purpose to dwell upon the many circumstances appearing in the record as they relate to the good faith of the lessees in their transactions, the total amount of investment made on the real estate leased, the amount of taxes and rentals paid by them during the term thereof, the percentage of investment return to the lessor on the value of the property leased and many other facts, all of which have probative value on the question of defendants wilful refusal to observe their obligations to the plaintiff.

The law respecting forfeiture is well established. Equity abhors a forfeiture and will only decree it when such relief is clearly required. Where the breach is compensable in money a tender of payment of the amount due will ordinarily be deemed sufficient reason to avoid the forfeiture. **16 O. Jur. pages 191 to 194** inclusive and cases cited. We do not cite nor discuss cases set out in the briefs at length because there seems to be no dispute between counsel as to the principle of law controlling but the difference arises upon the application of the law to the facts. We have undertaken to apply this agreed principle to the facts peculiar to this case. **Embleton v McMechan, 110 Oh St 28.** In this case the burden is upon the plaintiff to establish wilful negligence in some breach of the contract averred or wilful and persistent refusal to observe the covenants or some of them.

Upon a full consideration of the whole record, we cannot say that the principles of equity require that the extraordinary remedies of forfeiture and cancellation be accorded to the plaintiff in this case. The only breach with which the lessees were chargeable had to do with the obligation of money payment. At the time of the presentation of this case in this court all obligations of every kind enjoined upon the lessees had been observed. All payments of money due had been made and there is assurance that there will be no further breach of any of the terms of the lease.

It is our judgment that a broad view of the rights and equities of the parties to the lease under consideration requires that we hold that the plaintiff has not sustained his right to forfeiture and cancellation of the modified lease by the degree of proof which it is requisite that he produce.

The finding and judgment will, therefore, be for the defendants.

GEIGER & BARNES, JJ., concur.

## APPLICATION FOR REHEARING

No. 1586. Decided Sept. 12, 1940.

BY THE COURT:

Submitted on motion to reopen our ruling overruling the application of plaintiff for rehearing.

In our original opinion we passed upon every issue which was made by the pleadings and the record of testimony. Thereafter counsel for plaintiff suggested that there were certain equities under facts not in the record which should be resolved in favor of their client. The court then on its own motion fixed a date when a stipulation should be made, setting forth the additional facts upon which the judgment of the court could be invoked. The parties did not prepare the stipulation at the time suggested by the court but plaintiff's counsel suggested another date at which time it was said the stipulation would be forthcoming. The court then waited for a considerable time and after objection to further delay was interposed by counsel for defendant we then overruled the application for rehearing.

Under all of the circumstances we feel that the court has extended every opportunity to plaintiff to present his case which he has the right to expect and are of opinion that the motion to reopen the application for rehearing should be denied.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.